United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-10630

_____

ADRIAN ROSALES,

Petitioner-Appellant,

versus

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Adrian Rosales petitioned for writ of habeas corpus under 28 U.S.C. § 2241 to challenge his final order of deportation on due process grounds. The district court concluded that it lacked jurisdiction because Rosales was not "in custody" under § 2241 and dismissed his suit. We affirmed in an unpublished opinion.

*Rosales v. Bureau of Immigration and Customs Enforcement*, 115 Fed. Appx. 306 (5th Cir. 2004) (per curiam).  The Supreme Court vacated the opinion after the government conceded in its brief to the Court that Rosales should be considered "in custody" according to the prevailing view in our sister circuits.  *Rosales v. Bureau of Immigration and Customs Enforcement*, __ U.S. __, 125 S. Ct. 2541 (2005).  Reconsidering the case in light of the government's concession, we join the Second, Sixth, Ninth, and Tenth Circuits and hold that an alien who is subject to a final order of deportation, like Rosales, is "in custody" under § 2241.  Because Rosales has not established that the immigration judge's alleged due process violation has prejudiced him, however, we deny the petition.[1]

## I.  Background

Rosales is a Mexican citizen who became a permanent resident of the United States in 1989.  In 2000, he was convicted in Texas state court of aggravated kidnaping and sentenced to 65 years' incarceration.  In February 2001, the INS served Rosales with a Notice of Rights and Request for Disposition.  The Notice informed Rosales that the INS believed him to be in the country illegally, that he was entitled to a hearing on whether he could remain in the U.S., that he had a right to seek legal representation and to communicate with his consulate, and that he

---

[1] The previous opinion denying the petition is withdrawn and this opinion is substituted.

2

could use a telephone to contact an attorney or the consulate at any time before his departure from the U.S. Rosales signed, initialed, and dated the Notice in the presence of an INS officer. The officer signed a certificate of service reflecting that Rosales had read the Notice.

The INS charged Rosales with removability as an aggravated felon under 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii) in November 2001, while he was serving time on the Texas conviction. It filed an immigration detainer concerning Rosales with the Texas Department of Criminal Justice in March 2002. At Rosales's immigration hearing in July 2002, the immigration judge ("IJ") advised Rosales of his right to legal representation. Rosales waived that right, said he wished to be removed to Mexico, and elected to proceed with his hearing that day. He conceded the grounds for his removal, that he had been convicted of an aggravated felony. The IJ found Rosales ineligible for relief from removal and ordered him deported.

Rosales appealed to the BIA, arguing that his hearing did not afford him due process because the IJ did not inform him of his right to contact his consulate under the Vienna Convention on Consular Relations, Dec. 24, 1969, art. 36, 21 U.S.T. 77. The BIA dismissed the appeal because it lacked jurisdiction to consider Rosales's constitutional claim. Rosales then filed the present habeas suit.

## II. Analysis

### A. *Rosales Is "In Custody" Under § 2241*

An individual may seek habeas relief under § 2241 if he is "in custody" under federal authority or for violation of federal law. 28 U.S.C. § 2241(c). As the Supreme Court recently noted, physical detention (or here, physical detention by federal, rather than state, authority) is no longer required for a petitioner to meet the custody requirement and obtain habeas relief. *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711, 2719 (2004) ("[O]ur understanding of custody has broadened to include restraints short of physical confinement[.]"); *see also Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963) (recognizing that restraints on liberty other than physical confinement may constitute custody for habeas purposes).

At least four circuits have held that a final deportation order subjects an alien to a restraint on liberty sufficient to place the alien "in custody." *Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir. 2003); *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001); *Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995); *cf. Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003) (holding that, where the INS had not ordered the alien deported, an immigration detainer alone did not place him "in custody" under § 2241). We agree. The federal government has

4

placed a significant restraint on Rosales's liberty by issuing a final order of deportation against him.  It must detain him once his removal period begins at his release from state prison.  8 U.S.C. § 1231(a)(1)(B)(iii), (a)(2).  He is therefore "in custody" under § 2241.  *Simmonds*, 326 F.3d at 354-55; *cf. Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973) (holding that a prisoner under the authority of State A may file an immediate habeas petition to attack future confinement by State B where State B has filed a detainer against the prisoner with State A).  However, § 2241 is no longer the appropriate avenue for Rosales's challenge.

Before the judgment in this case was vacated and remanded by the Supreme Court, Congress passed the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).  The Act amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal.  Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively.  Pub. L. No. 109-13, 119 Stat. 231, 310; *Enwonwu v. Chertoff*, No. 05-10511-WGY, 2005 U.S. Dist. LEXIS 13890, at *121-*123 (D. Mass. July 12, 2005).

Section 106 provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act] . . . .

The section took effect upon its enactment and applies "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division." Pub. L. No. 109-13, 119 Stat. 231, 311, § 106(b).

This court is thus the exclusive forum for Rosales's challenge to his removal order. We can no longer consider, however, this challenge in the context of habeas review, thus rendering irrelevant any consideration of whether Rosales is "in custody" for purposes of § 2241. Rather, we must now determine whether Rosales's challenge is properly converted into a petition for review under the REAL ID Act and, if so, whether we have jurisdiction to entertain that petition.

The REAL ID Act requires district courts to transfer any pending habeas cases to the appropriate court of appeals. Pub. L. No. 109-13, 119 Stat. 231, 311, § 106(c). In addition, Congress provided that "[t]he court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review . . . ." *Id.*

6

Congress neglected, however, to specify what was to happen to habeas petitions, such as this one, that were already on appeal as of the REAL ID Act's effective date. Following the reasoning of the Third and Ninth Circuits, we hold that despite Congress's silence on this issue, habeas petitions on appeal as of May 11, 2005, such as Rosales's, are properly converted into petitions for review. *Bonhometre v. Gonzales*, 414 F.3d 442 (3d Cir. 2005)*; Alvarez-Barajas v. Gonzales*, 2005 WL 1906672 (9th Cir. Aug. 11, 2005).

The Immigration and Nationality Act, 8 U.S.C. § 1252(b)(2)(C), generally prohibits judicial review of removal orders issued on the basis of an alien's commission of an aggravated felony. But, the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310, § 106(a)(1) (codified at 8 U.S.C. § 1252(b)(2)(D)), provides that

> [n]othing in subparagraph (B) or (C), or in any other provision of the [Immigration and Nationality Act] (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Because Rosales has challenged his removal order on due process grounds, we have jurisdiction over his petition for review pursuant to § 1252(b)(2)(D). We therefore proceed to the merits of his challenge.

B. *Rosales Has Not Established Prejudice*

7

Although aliens have no Sixth Amendment right to counsel at deportation hearings, *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001), due process requires that such hearings be fundamentally fair. *Animashaun v. INS*, 990 F.2d 234, 238 (5th Cir. 1993). "[T]o succeed on a collateral attack of a deportation order on due process grounds, an alien must first demonstrate that he has suffered actual prejudice." *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002). Rosales argues that his hearing was not fundamentally fair because the IJ did not inform him of his right to contact the Mexican consulate. He contends that this alleged due process violation caused him prejudice because, had he been informed of the right, he would have contacted the consulate and the consulate would have provided him free legal representation at the hearing.

Article 36 of the Vienna Convention on Consular Relations requires the "competent authorities" of the arresting country to inform an alien arrestee of his rights under the Convention, including his right to contact his consulate. Immigration regulations contain the same requirement. 8 C.F.R. § 1236.1(e) ("Every detained alien shall be notified that he or she may communicate with the consular or diplomatic officers of the country of his or her nationality in the United States."). The government complied with these provisions in the present case, by informing Rosales of his Vienna Convention rights in the Notice of Rights and ensuring that he

8

read it. Rosales contends the Notice was insufficient because he actually did not read it or could not understand it because his English was not good enough. He argues that due process requires, either in addition to or instead of the Notice, that the IJ inform an alien of his right to contact his consulate during the immigration hearing.

It is unclear whether Rosales's Vienna Convention rights are protected under the Due Process Clause. *See Waldron v. INS*, 17 F.3d 511, 518 (2d Cir. 1994) ("[T]he privilege of communication with consular officials . . . [is] not [a] fundamental right[] derived from the Constitution"); *cf. Medellin v. Dretke*, __ U.S. __, 125 S. Ct. 2088, 2089 (2005) (dismissing the writ of certiorari as improvidently granted in a case raising the issue of whether federal courts are bound by the International Court of Justice's ruling that the Vienna Convention confers individually enforceable rights on detained aliens); *Breard v. Greene*, 523 U.S. 371, 376 (1998) (noting that the Vienna Convention "arguably" confers a right to consular assistance on an alien following arrest); *United States v. Jimenez-Nava*, 243 F.3d 192, 198-200 (5th Cir. 2001) (rejecting the defendant's arguments that the Vienna Convention confers a judicially enforceable right on a detained alien to contact his consulate and holding that the government's failure to inform a detainee of such a right does not warrant suppression of evidence). It is also unclear whether, if the

9

right is within due process, the Notice did not provide sufficient process under the principles of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Ramirez-Osorio v. INS*, 745 F.2d 937, 944-47 (5th Cir. 1984) (holding that the INS provided sufficient process under *Mathews v. Eldridge* by informing only those aliens who the agency believed could be subject to persecution if returned home of their right to petition for asylum). We need not address these questions, because Rosales has not shown that he suffered prejudice due to the IJ's failure to inform him of his right to contact the Mexican consulate. Rosales admitted in the immigration hearing that he had been convicted of an aggravated felony, which makes him deportable. 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(iii). He does not argue that he is eligible for any relief from deportation. Because he makes no showing that assistance from his consulate would have changed the result of the hearing, he is not entitled to relief on due process grounds. *Ojeda-Terrazas*, 290 F.3d at 302 (holding that, where an alien had not shown that the procedural safeguards he sought would have changed the result of his deportation hearing, the alien failed to establish prejudice and the court was not required to evaluate the merits of his due process claim).

Rosales also argues that his due process rights were violated because the government did not immediately deport him after it obtained the final order of deportation against him. This argument is without merit—by statute, Rosales's

removal period does not start until his state term of incarceration ends.  8 U.S.C. § 1231(a)(1)(B)(iii).

### III.  Conclusion

Pursuant to the REAL ID Act, we have jurisdiction to consider the challenge raised in what has now been converted into a petition for review.   Rosales has not established that he has suffered prejudice because the IJ did not inform him of his right to contact the Mexican consulate, however, dooming his due process claim. We accordingly deny the petition.

PETITION DENIED.