United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51142
Summary Calendar

_____

LUIS BETANCOURT-RAMIREZ,

Petitioner-Appellant,

versus

ALBERTO GONZALES, U.S. ATTORNEY GENERAL, ET AL.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas,
El Paso Division
No. 3:04-CV-342

_____

Before JONES, Chief Judge, and DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Betancourt-Ramirez brings this appeal, challenging the determination of the Board of Immigration Appeals ("BIA") that his 1997 state conviction for possession of cocaine constituted an aggravated felony and made him ineligible for cancellation of removal. Due to the passage of the REAL ID Act while this appeal was pending, Betancourt-Ramirez's petition for a writ of habeas corpus is converted into a timely filed petition for review of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA decision. Because we conclude that Betancourt-Ramirez's conviction for possession of a controlled substance constituted an aggravated felony, his petition is **DENIED**.

## BACKGROUND

Luis Betancourt-Ramirez, a citizen and national of Mexico, entered the United States as an immigrant in 1970. On May 21, 1997, in Texas state court, Betancourt-Ramirez pleaded guilty to the possession of a controlled substance, a felony. On June 19, 2003, Betancourt-Ramirez was convicted of criminal negligent homicide in Texas state court. The Department of Homeland Security initiated removal proceedings against Betancourt-Ramirez on July 22, 2003, and an immigration judge ultimately determined that he was removable as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). The immigration judge found Betancourt-Ramirez's conviction for possession of a controlled substance — but not his criminal negligent homicide conviction — to be an aggravated felony.

Betancourt-Ramirez appealed to the BIA, which affirmed the immigration judge and dismissed his case. He then petitioned the district court for habeas relief. The district court, citing 8 U.S.C. § 1252(a)(2)(C), concluded that it lacked jurisdiction over Betancourt-Ramirez's petition, and therefore denied relief. Betancourt-Ramirez again appealed, and this court may review the decision of the district court pursuant to 28 U.S.C. § 1291.

2

**DISCUSSION**

Betancourt-Ramirez originally sought habeas relief through the courts. However, the REAL ID Act, PUB. L. NO. 109-13, 119 STAT. 231 (MAY 11, 2005) divested the federal courts of jurisdiction to hear habeas petitions attacking removal orders, effective as of the Act's passage. This court recently held in Rosales v. Bureau of Immigrations & Customs Enforcement, 426 F.3d 733 (5th Cir. 2005), that habeas petitions on appeal as of May 11, 2005, such as Betancourt-Ramirez's, "are properly converted into petitions for review." Id. at 736. Following Rosales, Betancourt-Ramirez's petition for habeas relief is thus converted into a petition for review of the underlying BIA decision, and because his petition addresses "constitutional claims or questions of law," this court has jurisdiction under 8 U.S.C. § 1252(b)(2)(D) to reach the merits of his challenge. Id.

On a petition for review of a BIA decision, we review the BIA's rulings of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). We review the BIA's findings of fact for substantial evidence. Tesfamichael v. Gonzales, 411 F.3d 169, 175 (5th Cir. 2005).

The BIA held that Betancourt-Ramirez was an alien convicted of an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(B), and was therefore ineligible for cancellation of removal. With regard to drug-related crimes, it is established law

3

in this circuit that if a "defendant's prior conviction was a felony under applicable state law and was punishable under the [federal] Controlled Substances Act," then such a conviction qualifies as an aggravated felony for the purposes of § 1101(a)(43)(B). United States v. Hernandez-Avalos, 251 F.3d 505, 508 (5th Cir. 2001); see also United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997) (state felony punishable under Controlled Substances Act constitutes aggravated felony for purposes of Federal Sentencing Guidelines). There is no dispute here that Betancourt-Ramirez's 1997 conviction was for a felony in the state of Texas, or that possession of cocaine is punishable under the Controlled Substances Act. Under Hernandez-Avalos, Betancourt-Ramirez committed an aggravated felony for the purposes of § 1101(a)(43)(B), and he was therefore ineligible for cancellation of removal.

However, Betancourt-Ramirez notes that in 1997, at the time he pleaded guilty to possession of a controlled substance, he would have been eligible to apply for cancellation of removal under Immigration and Nationality Act § 240A. He therefore argues that the BIA's retroactive application of Hernandez-Avalos is unconstitutional. This argument fails, however, as "it is well settled that Congress has the authority to make past criminal activity a new ground for deportation." United States v. Madriz-Alvarado, 383 F.3d 321, 334 (5th Cir. 2004)(quoting Ignacio v. INS, 955 F.2d 295, 298 (5th Cir. 1992)). Madriz-Alvarado guides our

4

analysis here; in that case, an alien challenged the application of 8 U.S.C. § 1101(a)(48)(A), which defined the term "conviction," as being unconstitutionally retroactive. The alien argued that at the time of his deferred adjudication, BIA precedent did not make such deferred adjudication a "conviction." Madriz-Alvarado, 383 F.3d at 334. The Madriz-Alvarado court denied habeas, however, noting that Congress had the broad authority to define the scope of immigration law, and could render an alien deportable "for past antisocial conduct that not only did not result in a conviction but was not even criminal when engaged in." Id. at 335. Betancourt-Ramirez makes a nearly identical argument here, claiming that the definition of "aggravated felony" under 8 U.S.C. § 1101(a) as interpreted by Hinojosa-Lopez and Hernandez-Avalos, cannot be retroactively applied to his 1997 conviction. As with Madriz-Alvarado, Betancourt-Ramirez's constitutional challenge must be rejected.

## CONCLUSION

Betancourt-Ramirez's 1997 conviction for possession of cocaine constitutes an aggravated felony for the purposes of 8 U.S.C. § 1101(a)(43)(B). As a result, he is ineligible to apply for cancellation of removal, and his petition for review is **DENIED.**

5