United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20904
Conference Calendar

RICHMOND OCLOO,

                               Petitioner-Appellant,

versus

HIPOLITO M. ACOSTA, District Director of Immigration and
Naturalization Service,

                               Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-5340
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Richmond Ocloo challenges the denial of his 28 U.S.C. § 2241
habeas corpus petition, which attacked an order of removal issued
by the Board of Immigration Appeals (BIA).  In accordance with
the REAL ID Act, we convert Ocloo's § 2241 petition into a
petition for review of the BIA's order.  See Rosales v. Bureau of
Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir.
2005), cert. denied, 126 S. Ct. 1055 (2006); 8 U.S.C.
§ 1252(a)(5).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ocloo argues that his due process rights were violated because he was not served with the respondent's motion for summary judgment. Even if Ocloo's assertion concerning want of service is correct, the REAL ID Act precludes us from granting relief in relation to this claim, as we may not remand Ocloo's suit to the district court. See Rosales, 426 F.3d at 735-36; New York Life Ins. Co. v. Brown, 84 F.3d 137, 142 (5th Cir. 1996). Consequently, this claim is now moot. See Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Ocloo's petition for review is dismissed as moot to the extent that he raises a claim concerning service of process.

Ocloo also contends that the BIA erred in determining that his prior conviction for possession of cocaine was an aggravated felony. There is no need for us to assess the merits of this claim. The BIA's order of removal was based both on Ocloo's cocaine conviction and his felony conviction for aggravated sexual assault of a child. Ocloo does not challenge the BIA's determination that he was removable based on the latter conviction. Further, this conviction alone provides grounds for removal. See 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii). Ocloo's petition for review is denied to the extent that he challenges the BIA's determination that he was removable based on his cocaine conviction. All outstanding motions are denied.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART; ALL OUTSTANDING MOTIONS DENIED.