United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60480
Summary Calendar

OMAR ANTONIO TECAT,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A43 146 660
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Omar Antonio Tecat filed a 28 U.S.C. § 2241 petition challenging a final order of deportation in the United States District Court for the District of New Jersey. As Tecat's petition was pending on May 11, 2005, the effective date of the REAL ID Act of 2005, and it challenged a final removal order where the immigration judge completed proceedings at Oakdale, Louisiana, the district court properly transferred the petition to this Court. See REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 311 (2005); 8 U.S.C. § 1252(b)(2); Rosales v. Bureau of

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied 126 S. Ct. 1055 (2006). Pursuant to the REAL ID Act, Tecat's § 2241 petition is converted into a timely petition for review. See Rosales, 426 F.3d at 736.

Also in May 2005, Tecat filed with the Third Circuit Court of Appeals a petition for review in which he challenged the BIA's May 10, 2005, denial of a motion to reopen his removal proceedings. Tecat's petition was filed within the thirty-day filing period set forth in 8 U.S.C. § 1252(b)(1). The Third Circuit transferred the petition to this court because Tecat's case before the Immigration Court and his Motion to Reopen were both heard by an Immigration Judge in Oakdale, Louisiana. See 8 U.S.C. § 1252(b)(2).

Liberal construction of Tecat's pro se pleadings indicates that Tecat is arguing that the repeal of Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c), was impermissibly retroactively applied to him, that the denial of INA § 212(c) relief violates due process, and that 8 C.F.R. § 1003.44, which provides for special motions to seek INA § 212(c) relief for certain aliens, violates equal protection because aliens such as Tecat who have been deported pursuant to a final deportation order and who have illegally returned to the U.S. are unable to file a motion to reopen.

Tecat's arguments are without merit. In Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir. 2006), petition for cert.

filed, 74 USLW 3572 (March 28, 2006) (no. 05-1251), this court concluded that the application of IIRIRA's repeal of INA § 212(c) to aliens who, like Tecat, went to trial and were convicted of an aggravated felony prior to the repeal of § 212(c), did not create an impermissible retroactive effect. Id. at 517, 520. Additionally, in United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002), this court disagreed with the contention that eligibility for discretionary relief under Immigration and Naturalization Act § 212(c) is an interest warranting constitutional due process protection. Because § 212(c) relief is available within the broad discretion of the Attorney General, it is not a right that is protected by due process. Id.

Finally, with regard to Tecat's equal protection challenge, "[i]n light of Congress's plenary power to pass legislation concerning the admission or exclusion of aliens, it is clear that no more searching review than that of rational basis is appropriate." Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 332 (5th Cir. 2004). "Under rational basis review, differential treatment 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" Id. (quoting FCC v. Beach Communications, 508 U.S. 307, 313 (1993)). Those attacking the rationality of the legislative classification have the burden of negating every conceivable basis that might support it. Beach Communications, 508 U.S. at 313.

As observed by the Ninth Circuit in <u>Alvarenga-Villalobos v. Ashcroft</u>, 271 F.3d 1169, 1174 (9th Cir. 2001), the Government has a legitimate interest in discouraging aliens who have already been deported from illegally reentering. The Ninth Circuit therefore concluded that 8 C.F.R. § 1003.44, which permits aliens who were in deportation proceedings before a certain date to file motion to reopen to seek discretionary relief, but which expressly excludes aliens with final order of deportation who had illegally returned to United States, did not violate equal protection. <u>Id.</u> at 1174. Tecat fails to discuss the regulations that he challenges and he fails to challenge the bases for the distinctions in the regulations. He thus does not negate every conceivable basis that might support the distinctions set forth in the regulation. <u>Beach Communications</u>, 508 U.S. at 313. Tecat's equal protection challenge therefore fails.

Tecat does not provide argument specifically addressing the May 10, 2005, motion to reopen. Although pro se filings are accorded liberal construction, pro se appellants are required to brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995). Even pro se parties are required to identify and argue some error in the district court's decision. <u>Id.</u> Tecat's failure to challenge the BIA's denial of his motion to reopen amounts to an abandonment of his challenge to the denial of his

motion to reopen. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff</u> <u>Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

For the foregoing reasons, Tecat's petitions for review are DENIED.