United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50327
Conference Calendar

ELIAS MENGESHA,

Petitioner-Appellant,

versus

DEPARTMENT OF HOMELAND SECURITY, as an agency of the
Government of the United States of America; MICHAEL
CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY;
ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL; MARC J. MOORE,
as Field Office Director for Detention and Removal for the U.S.
Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS
ENFORCEMENT, as an agency of the Government of the United
States of America,

Respondents-Appellees.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 70 059 944
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

This action, which was initiated as a 28 U.S.C. § 2241

petition, became a petition for review by operation of law.

See Rosales v. Bureau of Immigration and Customs Enforcement,

426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055

(2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ethiopian citizen Elias Mengesha petitions for review of the denial of his application for asylum and withholding of removal. He also contends that he is eligible for relief under the Convention Against Torture (CAT).

Mengesha contends that the Immigration Judge (IJ) erred as a matter of law by failing to address the extent and severity of his past persecution in Ethiopia. He also argues for relief under the CAT, contending that the IJ erred by neglecting to make a finding on whether a particularized threat of torture existed should he be removed to Ethiopia.

Mengesha's treatment by the previous Ethiopian regime, though deplorable, did not rise to the level of persecution that allows for a grant of asylum without taking into account the likelihood of future persecution. See Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991). The IJ's decision regarding asylum and withholding of removal otherwise was supported by substantial evidence. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

Mengesha did not contend in his administrative proceedings that he was entitled to relief under CAT. Because Mengesha has failed to exhaust that claim, we lack jurisdiction to address it. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

PETITION DENIED.