United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60778
Summary Calendar
_____

ANTONIO RODRIGUEZ-ZAPATA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A36 743 567)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Antonio Rodriguez-Zapata (Rodriguez) filed a 28 U.S.C. § 2241 petition challenging a final order of deportation. The district court properly transferred the petition to this court. See REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 311 (2005); 8 U.S.C. § 1252; Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006). Pursuant to the REAL ID Act, we consider Rodriguez's § 2241 petition as a timely petition for review. See Rosales, 426 F.3d at 736.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez asserts that retroactive application of the repeal of Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c), to his case was impermissible; that the denial of INA § 212(c) relief to him violates due process; and that the denial of an INA § 212(c) merits hearing violates his due process. Rodriguez's arguments are without merit.

In <u>Hernandez-Castillo v. Moore</u>, 436 F.3d 516, 517, 519-20 (5th Cir.), <u>petition for cert. filed</u>, 74 U.S.L.W. 3572 (U.S. March 28, 2006) (No. 05-1251), we concluded that application of the Illegal Immigration Reform and Immigration Responsibility Act's repeal of INA § 212(c) to aliens who, like Rodriguez, went to trial and were convicted of an aggravated felony prior to the repeal of § 212(c), did not create an impermissible retroactive effect. Additionally, in <u>United States v. Lopez-Ortiz</u>, 313 F.3d 225, 230-31 (5th Cir. 2002), we held that eligibility for discretionary relief under INA § 212(c) is not an interest warranting constitutional due process protection.

Accordingly, Rodriguez's petition for review is DENIED.