United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60541
Summary Calendar

NAIF TAHER SALEH AL-KOBA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 196 502
--------------------

Before GARZA, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Naif Taher Saleh Al-Koba, a native and citizen of Yemen, petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing his untimely filed appeal that challenged the denial of his motion to reopen his removal proceedings. In May 2005, Al-Koba filed a petition under 28 U.S.C. § 2241 seeking judicial review of his removal order and alleging for the first time that counsel was ineffective because she failed to notify him of the consequences of failing to appear at his removal hearing and because she filed an untimely notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal to the BIA.  Al-Koba's petition was transferred to this court pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (May 11, 2005), to be treated as a timely petition for review.  See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006).

This court must consider its jurisdiction to review a case sua sponte if necessary.  Goonsuwan v. Ashcroft, 252 F.3d 383, 385 (5th Cir. 2001).  A court can review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1); Ramirez-Molina v. Ziglar, 436 F.3d 508, 514 (5th Cir. 2006). Examination of the record confirms that Al-Koba failed to raise his instant claim of ineffective assistance of counsel before the BIA on appeal or in a motion to reopen the proceedings. Consequently, this court lacks jurisdiction to entertain his petition.  See Goonsuwan, 252 F.3d at 386-90; Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).

PETITION DISMISSED FOR LACK OF JURISDICTION.