**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 15, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60814
Summary Calendar

CHRISTOPHER BENTLEY,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A38 574 457
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

On June 13, 2005, Christopher Bentley filed in the United States District Court for the District of New Jersey a 28 U.S.C. § 2241 petition challenging the December, 28, 1988, order of an immigration judge that he be deported. The court transferred the action to this court under the authority of the Real ID Act. See Real ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 302-11 (May 11,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005).  The Real ID Act instructs district courts to transfer to the appropriate courts of appeals all § 2241 petitions challenging final orders of removal, deportation, or exclusion "pending in a district court on the date of the enactment of the Act," May 11, 2005.  119 Stat. 231, 311; see Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006).  Because Bentley's § 2241 petition was not pending in the district court on May 11, 2005, the transfer of the case to this court under the Real ID Act was improper.

Title 28 U.S.C. § 1631 permits a transfer if this court would have been able to exercise jurisdiction on the date the case was filed in the district court, the district court lacked jurisdiction over the case, and the transfer is in the interest of justice.  Despite Bentley's argument that this court has jurisdiction to consider his nationality claim, we lack jurisdiction to determine his claims, because his petition was not filed within thirty days of a final order of removal and because he failed to exhaust his administrative remedies.  See 8 U.S.C. § 1252(b)(1); Stone v. INS, 514 U.S. 386, 405 (1995); Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

The petition for review is therefore DISMISSED FOR LACK OF JURISDICTION.  The motion for appointment of counsel is DENIED.