**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51202
Summary Calendar

_____

SERVANDO SIFUENTES-BARRAZA

Petitioner - Appellant

v.

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY, ET AL,

Respondents

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, ROBERT E JOLICOEUR,
Interim Field Office Director, Bureau of
Immigration and Customs Enforcement

Respondents - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-45-DB
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Servando Sifuentes-Barraza (Sifuentes) appeals the dismissal

of his 28 U.S.C. § 2241 habeas corpus petition challenging a

removal order issued by the Board of Immigration Appeals (BIA).

In accordance with the REAL ID Act, this court converts

Sifuentes's § 2241 petition into a petition for review of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA's order.  See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006); 8 U.S.C. § 1252(a)(5).

Sifuentes contends that the 1998 removal order was invalid in light of this court's decision in United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001).  The 1998 removal order became final on October 15, 1999, when the BIA dismissed Sifuentes's appeal and found him removable as an aggravated felon.  The final removal order was executed on August 3, 2000, when Sifuentes was removed to Mexico.  Once removed from the country, Sifuentes's case was effectively finished.  See Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675 (5th Cir. 2003) (holding that removal proceedings are "completed and final" after a person is actually removed pursuant to a removal order).  Because Sifuentes's completed and final removal order had been legally executed at the time Chapa-Garza was decided, Chapa-Garza does not retroactively apply to Sifuentes's removal order.  See Alvarenga-Villalobos v. Ashcroft, 271 F.3d 1169, 1172 (9th Cir. 2001) (declining to retroactively apply "to [a] prior order of deportation a new rule that did not take effect until two-and-a-half years after [the alien] had been deported").  Accordingly, Sifuentes's petition for review is DENIED.