United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60859
Summary Calendar

JULIO ELPIDIO ROMAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 983 001
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Julio Elpidio Roman, a native and citizen of the Dominican Republic, has petitioned for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) ordering Roman removed from the United States. The IJ found Roman removable for having been convicted of a crime involving moral turpitude within five years of admission and for having been convicted of an aggravated felony. The Government argues that this court lacks jurisdiction to consider Roman's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for review because it is based on his commission of an aggravated felony.

The REAL ID Act[**], which became effective on May 11, 2005, altered judicial review of removal orders in habeas corpus proceedings. Under § 106(a) of the Immigration and Nationality Act (INA), "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006) (quoting § 106(a), which may be found at 8 U.S.C. § 1252(a)(5)). Although § 1252(b)(2)(C) "generally prohibits judicial review of removal orders issued on the basis of an alien's commission of an aggravated felony," the REAL ID Act provides that none of its jurisdiction-stripping provisions "'shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.'" Rosales, 426 F.3d at 736. Because Roman raises a due process claim, this court has jurisdiction over his petition for review pursuant to § 1252(b)(2)(D). Id.

Roman argues that the IJ violated his due process rights by not allowing him to testify on his own behalf at the removal

---

[**]REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 302-11 (May 11, 2005).

proceedings. He also contends that the IJ violated his due process rights by misapplying the burdens of proof and requiring him to establish his own deportability.

This court reviews a claim of a due process violation de novo. Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir. 1993). "Due process challenges to deportation proceedings require an initial showing of substantial prejudice." Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997). Although the IJ did deny Roman an opportunity to be heard at his hearing, Roman has failed to show substantial prejudice, i.e., make a prima facie showing that he would have been entitled to the INA § 101(a)(43)(P) exception. See id. Further, the record does reflect that the IJ correctly placed the burden of proof regarding Roman's deportability on the former Immigration and Naturalization Service. The only burden that the IJ placed on Roman was to establish his affirmative defense that he was not deportable because he fell within the § 101(a)(43)(P)'s exception. This was correct on the part of the IJ. See 8 U.S.C. § 1101(a)(43)(P)(requiring the alien to "affirmatively show[]" that the offense was committed to assist a parent, spouse, or child).

Roman also argues that the BIA erred by summarily affirming the IJ's ruling without opinion. He contends that the BIA's summary affirmance was erroneous because the IJ violated his due process rights and because the record was incomplete due to the IJ's actions.

This court has held that the BIA's summary affirmance procedures "do not deprive this court of a basis for judicial review and . . . do not violate due process." Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003). Because the IJ did not violate Roman's due process rights, the BIA did no err in its summary affirmance.

Accordingly, the petition for review is DENIED.