# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60460
Summary Calendar

YONG LIN CHEN

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 900 596

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yong Lin Chen, a native and citizen of the People's Republic of China, petitions for review of the decision issued by the Board of Immigration Appeals (BIA) dismissing his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Chen contends that the BIA misapplied the law in its decision determining that his asylum application was untimely filed. He asserts that the birth of his second child constituted a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

change in circumstances affecting his eligibility for asylum and that he promptly filed his application thereafter.

Under 8 U.S.C. § 1158, an alien seeking asylum must file an application for asylum within one year of his arrival in the United States, absent a showing of "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period." § 1158(a)(2)(B), (D). Section 1158(a)(3) provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." § 1158(a)(3); *Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir. 2004). Under the Real ID Act, none of the Immigration and Nationality Act's jurisdiction-stripping provisions "'shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.'" *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005) (*quoting* 8 U.S.C. § 1252(b)(2)(D) (2005)).

The BIA affirmed the immigration judge's decision finding that Chen had failed to file his asylum application within one year following his arrival in the United States or show that he was subject to any exception to the filing deadline. As both of these determinations involved questions of fact, this court lacks jurisdiction to consider Chen's claim for asylum. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007); *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

Chen also contends that the BIA erred in upholding the immigration judge's adverse credibility determination. He asserts that he provided credible and detailed testimony proving that he has a well-founded fear of future persecution if he returns to China.

The immigration judge provided cogent reasons for finding that Chen was not credible, and those reasons are amply supported by the record. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). As such, without credible evidence, the BIA had no basis upon which to grant Chen relief. *See id.* at 79. Accordingly, Chen's

petition for review is DENIED in part and is DISMISSED in part for lack of jurisdiction.