# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2011

Lyle W. Cayce
Clerk

No. 10-40200
Summary Calendar

JOEL CASTILLO-PERALES,

Petitioner-Appellant

v.

U.S. ATTORNEY GENERAL ERIC HOLDER; SECRETARY JANET
NAPOLITANO; HILLARY RODHAM CLINTON,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-486

Before JOLLY, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Joel Castillo-Perales (Castillo) appeals from the dismissal of his 28 U.S.C. § 2241 petition challenging his 1994 order of removal. The district court dismissed the petition for lack of jurisdiction. Castillo contends that the district court did have jurisdiction to consider his petition. He further contends that the his 1994 removal order should be revoked since the underlying felony conviction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40200

which was the basis for the removal order, has been vacated and corrected to a misdemeanor.

This court reviews de novo the district court's legal conclusions on jurisdiction. *Zolicoffer v. United States Department of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). As the party seeking to invoke federal jurisdiction, Castillo bears the burden of demonstrating that jurisdiction is proper. *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999).

The Real ID Act, which became effective on May 11, 2005, altered the judicial review of removal orders in habeas corpus proceedings. *Rosales v. Bureau of Immigration and Customs Enforcement,* 426 F.3d 733, 735 (5th Cir. 2005). Under the pertinent provision of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C. § 1252(a)(5). The Real ID Act stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders. *Rosales,* 426 F.3d at 735-36. Therefore, the district court lacked jurisdiction to review Castillo's § 2241 petition. *See id.* Further, the district court could not have transferred Castillo's § 2241 petition to this court as a petition for review because the petition was not pending on May 11, 2005, the effective date of the Real ID Act. *See Mansoor v. Gonzales*, 188 F. App'x 273 (5th Cir. 2006). Additionally, as the district court concluded, it also lacked jurisdiction to review Castillo's challenge to the denial of his visa application by the United States consul. *See Centeno v. Shultz*, 817 F.2d 1212, 1213-14 (5th Cir. 1987). Accordingly, the judgment of the district court is AFFIRMED.