# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 12-51288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

————

ERASMO ESPARZA MORENO,

Petitioner−Appellant,

versus

KERRY DIXON, Warden;
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT;
UNITED STATES DEPARTMENT OF JUSTICE,

Respondents−Appellees.

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-455

————

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51288

Erasmo Moreno, former federal prisoner # 62847-051, appeals the *sua sponte* dismissal, for want of subject-matter jurisdiction, of his 28 U.S.C. § 2241 petition, in which he challenged a final order of removal.  On appeal, he contends that the district court had jurisdiction and that the order should be vacated.

This court reviews *de novo* the district court's legal conclusions on jurisdiction.  *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396 (5th Cir. 2007).  As the party seeking to invoke jurisdiction, Moreno has the burden of demonstrating it.  *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999).

The REAL-ID Act, which became effective May 11, 2005, altered the judicial review of removal orders in habeas corpus proceedings.  *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005).  Under the pertinent provision of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."  8 U.S.C. § 1252(a)(5).  The Act stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders.  *Rosales*, 426 F.3d at 735-36.  Moreover, the district court could not have transferred the petition to this court as a petition for review because the petition was not pending on the effective date of the Act.  *See Castillo-Perales v. Holder*, 411 F. App'x 695, 696 (5th Cir. 2011).

Accordingly, the judgment of dismissal is AFFIRMED.