# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-31001
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2017

Lyle W. Cayce
Clerk

MICHAEL PHILLIP TELEMAQUE,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

———————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-375

———————————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Michael Phillip Telemaque, formerly federal prisoner # 52332-004, was convicted of four counts of failing to depart and was sentenced to 57 months of imprisonment and three years of supervised release. Telemaque filed a pleading in which he argued that the district court lacked jurisdiction to convict and sentence him and that Immigration and Customs Enforcement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31001

lacks jurisdiction to remove him. The district court construed his pleading as a 28 U.S.C. § 2241 petition and denied it. Telemaque appeals that ruling.

The district court did not err in dismissing the portion of Telemaque's pleading that challenged the validity of his conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The district court lacked jurisdiction to consider Telemaque's challenge to the validity of his order of removal, and the district court did not err in dismissing this portion of Telemaque's pleading. *See* 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005). We need not decide whether Telemaque appropriately sought to challenge his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he offers no meaningful argument on appeal.

The judgment of the district court is AFFIRMED. Telemaque's motions for release on bail pending appeal, appointment of counsel, supplementation of the record with the record of his underlying criminal case, as well as his motion for punitive damages and unconstitutional detention are DENIED.