# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2020

Lyle W. Cayce
Clerk

No. 20-40380
Summary Calendar

Roberto Fredis Berrios,

*Plaintiff—Appellant*,

*versus*

United States Immigration and Naturalization Department,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CV-56

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Robert Fredis Berrios appeals the district court's dismissal of his petition for a due process hearing. Berrios is currently being held on a state conviction at the Willacy County State Jail in Raymondville, Texas. He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

alleges that he is subject to an unconstitutional immigration detainer, and he argues that he is eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). Construing his petition as a habeas petition pursuant to 28 U.S.C. § 2241, the district court held that it lacked jurisdiction and dismissed his petition without prejudice. We AFFIRM.

Since the passage of the REAL ID Act, federal courts lack jurisdiction over § 2241 petitions attacking removal orders. *See Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005). In the event that a final order of removal is entered against Berrios, "the sole and exclusive means for judicial review" of the order is to file a petition with "an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); *see also Rosales*, 426 F.3d at 736. Berrios does not allege that he is subject to a final order of removal, nor does he allege that he has unsuccessfully sought a waiver of inadmissibility. *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003).