# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2021

Lyle W. Cayce
Clerk

No. 19-30800
Summary Calendar

Wilkens Philius,

*Petitioner—Appellant*,

*versus*

David Pekoske, *Acting Secretary*, U.S. Department of Homeland Security; Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondents—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-701

---

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Wilkens Philius, former federal prisoner # 79257-004, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of subject-matter jurisdiction. In his § 2241 petition, Philius challenged his detention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30800

pursuant to a final order of removal and the order of removal itself, arguing that the immigration judge lacked jurisdiction over the immigration proceedings.  On appeal, Philius contends that the district court had jurisdiction over his § 2241 petition and that the order of removal should be vacated.

Under the REAL ID Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."  8 U.S.C. § 1252(a)(5); *see Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005).  On de novo review, we conclude that the district court correctly determined, as did the Ohio district court in which Philius first challenged the instant removal order, that the district court lacked jurisdiction over Philius's § 2241 petition.  *See* § 1252(a)(5); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396 (5th Cir. 2007); *Philius v. Holder*, No. 1:11-CV-1500, 2011 WL 5509558, at *2 (N.D. Ohio Nov. 10, 2011) (unpublished).  The district court could not have transferred the petition to this court as a petition for review because the petition was not pending on May 11, 2005, the effective date of the REAL ID Act.

The judgment of the district court is AFFIRMED.