# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2021

Lyle W. Cayce
Clerk

No. 20-30435
Summary Calendar

ALI AMIRI,

*Petitioner—Appellant*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*; KEVIN K.
MCALEENAN, *Acting Secretary, U.S. Department of Homeland Security*;
DIRECTOR OF IMMIGRATION & CUSTOMS ENFORCEMENT,
HARRISONBURG FIELD OFFICE; PAT BOOK, *Warden, Catahoula
Correctional Center*,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-473

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30435

Ali Amiri, a native and citizen of Iran, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. In his § 2241 petition, Amiri challenged his detention pursuant to a final order of removal and the order of removal itself, arguing that he was unlawfully arrested, that there was no basis for his detention, that he was denied a meaningful opportunity to contest his detention, and that immigration officials unlawfully seized his property. On appeal, Amiri argues that his order of removal should be vacated and that this court should assume jurisdiction over his appeal.

Pursuant to the REAL ID Act, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Because Amiri is contesting the validity of his order of removal, the district court did not err in dismissing the § 2241 petition for lack of jurisdiction. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005).

Amiri has resorted to a § 2241 petition because we previously denied his motion for a stay of removal in January 2021. Since we denied him a stay, Amiri has made multiple meritless filings attempting to avoid our ruling. We warn Amiri that future frivolous filings in this court or any court subject to our jurisdiction may result in the imposition of sanctions.

Accordingly, the judgment of the district court is AFFIRMED.