United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-51141
Summary Calendar

_____

FERNANDO RESTREPO,

                                                                Petitioner-
                                        Appellant,

                                versus

GRACIELA WINFREY, as Interim Field Office Director for
Detention and Removal for the U.S. Immigration and Customs Enforcement;
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
as an agency of the Government of the United States of America,
DEPARTMENT OF HOMELAND SECURITY,
as an agency of the Government of the United States of America;
MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security;
ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                                                Respondents-
                                        Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-77
-------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fernando Restrepo, a native and citizen of Colombia, appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition, challenging an order issued by the Board of Immigration Appeals (BIA) removing him to Columbia. He argues that he was not subject to removal because he was not convicted of an aggravated felony. He argues that his conviction for failure to appear was not punishable by a sentence of two or more years under the United States Sentencing Guidelines and, therefore, his conviction was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(T). Restrepo also argues that the IJ's removal order was invalid because it designated Mexico rather than Columbia as the country of removal and that the Department of Homeland Security acted without authority by changing the country of removal to Columbia.

On May 11, 2005, Congress passed the REAL ID Act (the Act). That Act "divested the district courts of jurisdiction of § 2241 petitions attacking removal orders." *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005), *petition for cert. filed*, (Oct. 24, 2005)(No. 05-7335). Under § 106(a) of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." *Id.* (quoting the Act, § 106(a), 119 Stat. at 310). The section took effect upon its enactment on May 11, 2005, and by its express terms, the Act is retroactive and applies to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after" the date of enactment. PUB. L. No. 109-13, § 106(b); *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005); *Rosales*, 426 F.3d at 736 ("Congress neglected, however, to specify what was to happen to habeas petitions, such as this one, that were already on appeal as of the REAL ID Act's effective date.... [W]e hold that despite Congress's silence on this issue, habeas petitions on

appeal as of May 11, 2005, [the date of enactment], are properly converted into petitions for review.").

The district court denied Restrepo's habeas petition on September 27, 2004, and this appeal was pending at the time that the Act was enacted. Under the language of § 106(b), this provision applies retroactively to Restrepo's habeas petition because the removal order challenged was issued before the date of enactment of this provision. Therefore, we lack jurisdiction to consider this appeal under the Act. Even if Restrepo's habeas petition were converted to a petition for review of the removal order, he would not be entitled to relief from the removal order. Because Restrepo had previously filed a petition for review of the removal order, we lack jurisdiction to consider a second petition for review of the removal order under 8 U.S.C. § 1252(d)(2). Accordingly, Restrepo's appeal of the district court's dismissal of his habeas petition is DISMISSED FOR LACK OF JURISDICTION.