United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-30645
Summary Calendar

———————————

EMMANUEL ST. FLEUR,

Petitioner-Appellant,

versus

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY;
ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL; BOARD OF IMMIGRATION
APPEALS MEMBERS; NANCY HOOKS; U.S. BUREAU OF IMMIGRATION
& CUSTOMS ENFORCEMENT; J.P. YOUNG; ALLEN POVENMIRE,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-2431
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Emmanuel St. Fleur, pro se, appeals from the district
court's dismissal of his 28 U.S.C. § 2241 petition for lack of
jurisdiction and from the denial of his motion for
reconsideration. St. Fleur argues that during the proceedings
before the BIA, 1) the IJ and the BIA failed to examine
documentary evidence, 2) federal officials led him to believe
that they would provide him with the legal materials he needed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

file his brief, and 3) the BIA abused its discretion in refusing to allow him an extension of time to file his brief. He asks this court to remand "the case to the Immigration Court to render a decision consistent with [his] legitimate claim of Derivative Citizenship." St. Fleur's notice of appeal, dated May 12, 2005, was not timely to appeal the district court's March 3, 2005, judgment dismissing his habeas petition but was timely to appeal the denial of his motion for reconsideration, which we construe as a motion arising under FED. R. CIV. P. 60(b).

On May 11, 2005, Congress passed the REAL ID Act, which "divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006). To the extent that St. Fleur challenged his detention, the Real ID Act did not preclude the district court from exercising jurisdiction over St. Fleur's 28 U.S.C. § 2241 petition. See Gul v. Rozos, 163 F. App'x 317, 318-19 (5th Cir. 2006). St. Fleur was removed to Haiti during the district court proceedings, and he does not argue on appeal his claim seeking release from detention and does not challenge the district court's determination that it lacked jurisdiction due to St. Fleur's failure to exhaust administrative remedies. See 8 U.S.C. § 1252(d)(1). St. Fleur also does not raise on appeal his claims for monetary damages and seeking mandamus relief. Thus, he has abandoned these issues for purposes of appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813

F.2d 744, 748 (5th Cir. 1987). St. Fleur has not demonstrated that the district court abused its discretion in denying Rule 60(b) relief. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

To the extent that St. Fleur challenges his removal order, "this court is . . . the exclusive forum for [St. Fleur's] challenge." Rosales, 426 F.3d at 736. On October 15, 2004, this court dismissed St. Fleur's prior petition for review of the BIA's removal order, granting the respondent's motion to dismiss the petition for lack of jurisdiction. St. Fleur v. Ashcroft, No. 04-60898 (5th Cir. Oct. 15, 2004) (unpublished); see also St. Fleur v. Gonzales, No. 05-60218 (5th Cir. Apr. 28, 2005) (unpublished). "Courts have jurisdiction to entertain successive petitions for review only in limited circumstances." Gutierrez-Morales v. Homan, 461 F.3d 605, 608 (5th Cir. 2006). If St. Fleur's habeas petition is converted into a petition for review of the BIA's removal order, we lack jurisdiction under 8 U.S.C. § 1252(d)(2) to consider St. Fleur's successive petition for review. See Restrepo v. Winfrey, 162 F. App'x 311, 313 (5th Cir. 2006); see Delvois v. Gonzales, 194 F. App'x 233, 234 (5th Cir. 2006).

Accordingly, St. Fleur's petition for review is DISMISSED for lack of jurisdiction. The district court's order denying St. Fleur's Rule 60(b) motion seeking relief from the court's judgment dismissing his habeas petition is AFFIRMED.