IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 05-61113
Summary Calendar

HERBIBERTO ALTAMIRANO-LOPEZ; JAVIER CARDONA MARTINEZ

Petitioners

v.

PETER D. KEISLER, ACTING U S ATTORNEY GENERAL

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98-045-275
BIA No. A98-282-284

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Herbiberto Ismael Altamirono-Lopez (Altamirano) and Javier Cardona-Martinez (Cardona) filed a 28 U.S.C. § 2241 petition in the United States District Court for the Southern District of Texas, individually and on behalf of a class of similarly situated persons, challenging their respective removal orders. The Immigration Judge (IJ) entered each removal order pursuant to a stipulated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

request for an order to be removed from the United States executed by each petitioner.

The district court transferred the action to this court under the authority of the Real ID Act. See Real ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 302-11 (May 11, 2005). The Real ID Act instructs district courts to transfer to the appropriate courts of appeals all 28 U.S.C. § 2241 petitions challenging final orders of removal, deportation, or exclusion "pending in a district court on the date of the enactment of the Act," May 11, 2005. 119 Stat. 231, 311; see Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006). Because petitioners' § 2241 petition was pending at the time of the enactment of the Real ID Act, it was properly converted to a petition for review. See Rosales, 426 F.3d at 736.

Petitioners argue that the IJ erred in entering stipulated orders of removal without first making a determination, based on more than petitioners' stipulated orders of removal and charging papers, that the petitioners' purported waiver of rights were voluntary, knowing, and intelligent. The IJ's failure to make the requisite determination, argue petitioners, violated due process and the statutory requirements of 8 C.F.R. § 1003.25(b).

Though Altamirano has exhausted his administrative remedies as to the instant issue, see Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001)(citing Goonsuwan v. Ashcroft, 252 F.3d 383, 388-89 (5th Cir. 2001)), this court lacks jurisdiction over his claims because this petition for review is a successive petition. See Gutierrez-Morales v. Homan, 461 F.3d 605, 608 (5th Cir. 2006); Restrepo v. Winfrey, 162 F.App'x 311, 313 (5th Cir. 2006). This court denied Altamirano's first petition for review and affirmed the judgment of the BIA on January 5, 2006. Altamirano does not show that his second petition "presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order." See 8 U.S.C. § 1252(d)(2).

This court lacks jurisdiction over Cardona's claims because Cardona did not exhaust his administrative remedies as to the instant issue. See Wang, 260 F.3d at 452-53. Further, the Board of Immigration Appeals (BIA) had adequate mechanisms to address Cardona's claim, and thus, Cardona's claim does not involve a due process violation that would exempt him from the exhaustion requirement. See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).

DISMISSED.