PER CURIAM:
The district court relied on the “fugitive disentitlement” doctrine to strike Eduardo Gonzalez Quirarte’s and Laura Patricia Gonzalez’s (“the claimants”) claim and answer regarding the forfeiture of the respondent property. The Supreme Court has since held that the “fugitive disentitlement” doctrine does not permit a district court to enter summary judgment in favor of the government in a civil forfeiture case based on a claimant’s fugitive status. See Degen v. United States, — U.S. -, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). Thus, the claimants urge us to reverse the district court’s forfeiture judgment based on Degen.
It is well-settled, however, that we will not reverse a judgment of the district court if it can be affirmed on any ground, regardless of whether the district court articulated the ground. United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 765 n. 6 (5th Cir.1996); see also Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir.1981) (“[Rjeversal is inappropriate if the ruling of the district court can be affirmed on any grounds, regardless of whether those grounds were used by the district court.”). We have required strict compliance with the provisions of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the rule that governs the filing of claims and answers in forfeiture suits. See United States v. $38,570 U.S. Currency, 950 F.2d 1108, 1115 (5th Cir.1992) (finding that district court did not abuse its discretion in striking claim and answer as untimely under Rule C(6)).
Here, prior to ruling on the government’s motion to strike the claim and answer, the district court denied the claimants’ request for an extension of time in which to file their claim and answer. As a result, the claim and answer that the claimants ultimately filed were untimely. In granting the government’s motion to strike, however, the district court did not address the timeliness of the filings.
Had the district court not specifically refused to extend the claimants’ filing deadlines, we could perhaps construe the court’s consideration of the merits of the motion to *314 strike as an implicit, discretionary grant of an extension. See Supplemental Rules for Certain Maritime and Admiralty Claims, 28 U.S.C. Supplemental Rule C(6) (“The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court (emphasis added). To the contrary, however, the district court denied the claimants an extension, thus indicating the court’s intention that the claimants adhere to the time limits contained in Rule C(6). Accordingly, we will not construe the district court’s consideration of the merits of the motion to strike as a discretionary extension of the filing deadlines. Rather than reaching the merits of the motion, the district court could have struck the claim and answer as untimely.
We AFFIRM on that ground.