# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-60283
Summary Calendar

DINAH ADAMS, Administratrix of the Estate of Stanley Cleo
Adams, Deceased, and Heir-at-Law of the Deceased Stanley
Cleo Adams,

Plaintiff-Appellant,

versus

CITY OF JACKSON, MISSISSIPPI; CITY COUNCIL OF THE
CITY OF JACKSON, MISSISSIPPI; CREDELL CALHOUN, in
his Official Capacity; DENT ANGLIN, in his Official Capacity;
LOUIS ARMSTRONG, in his Official Capacity; KENNETH
STOKES, in his Official Capacity; E.C. FOSTER, in his Official
Capacity; MARCIA WEAVER, in her Official Capacity; MARGARET
BARRETT, in her Official Capacity; KANE DITTO, Individually and
in his Official Capacity as Mayor of the City of Jackson; CITY OF
JACKSON FIRE DEPARTMENT; JOSEPH L. DONOVAN, Indi-
vidually and in his Official Capacity; JOSEPH GRAHAM, Individually
and in his Official Capacity; JACOB BELL, Individually and in his
Official Capacity; SAM THOMPSON, Individually and in his Official
Capacity; DAVID GRAVES, Individually and in his Official Capacity;
KENNETH TORNES,

Defendants-Appellees.

\*   \*   \*   \*   \*

ANNIE NORAINE MOREE, Executrix of the Estate of Meredith Don
Moree, Deceased, and Heir-at-Law of the Deceased Meredith Don Moree,

Plaintiff-Appellant,

versus

THE CITY OF JACKSON, STATE OF MISSISSIPPI, ET AL.,

Defendants-Appellees.

\*     \*     \*     \*     \*

CATHY ROBBINS, Administratrix of the Estate of John Richard
Robbins, Deceased, and Heir-at-Law of the Deceased John Richard
Robbins,

Plaintiff-Appellant,

versus

CITY OF JACKSON, MISSISSIPPI, a Municipal Corporation,
ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(3:96-CV-692-BN; 3:96-CV-693-BN; 3:96-CV-694-BN)

_____

January 16, 1998

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dinah Adams, Annie Noraine Moree, and Cathy Robbins appeal the Rule 12(b)(6) dismissal of their civil rights action. For the reasons assigned, we affirm.

## Background

City of Jackson firefighter Kenneth Tornes shot and killed Captain Meredith Don Moree, Captain John Richard Robbins, and District Chief Stanley Cleo Adams

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

during a weekly meeting of firefighters. The victims' survivors filed this action, claiming that the deaths were caused by the deliberate indifference and policy of certain City of Jackson officials. The survivors allege that firefighters were consistently harassed, discriminated against, and abused for union activity, creating stress within the fire department. Despite severe tension demonstrated by group protests and threats of violence, the survivors claim that the municipalities attempted to cover up the situation, making it worse.

On the defendants' motion the district court dismissed the action, finding that Tornes was not acting under color of state law when he shot the firefighters and that the plaintiffs failed to allege a constitutional violation by the municipalities. The plaintiffs timely appealed.

Analysis

Our review of a dismissal under Rule 12(6)(b) is *de novo*, with all well-pleaded facts taken as true and considered in the light most favorable to the plaintiffs.[1] We may uphold a dismissal on any basis that is supported by the record.[2]

Our review of the record discloses no error in the district court's

---

[1] **Blackburn v. City of Marshall**, 42 F.3d 925 (5th Cir. 1995).

[2] **United States v. Real Property**, 123 F.3d 312 (5th Cir. 1997).

3

determination that Tornes did not act under color of state law when he shot and killed his fellow firefighters. The mere fact that Tornes was a firefighter does not bring his aberrant acts within the meaning of "under color of state law." To be such, Tornes' actions must have related in some way to the performance of his official duties.[3] It cannot reasonably be contended, nor does the complaint allege, that Tornes acted pursuant to any government or firefighter goal, or within his scope of authority. Accordingly, we must find and conclude that Tornes' acts were not under color of state law.

To establish municipal liability the plaintiffs must allege (1) harm caused by a constitutional violation and (2) that the municipality is responsible for that violation.[4] Regardless of the violation claimed, however, it is axiomatic that a section 1983 action requires a causal connection between the alleged violation and the section 1983 injury.[5] The mere assertion of a municipal policy action or inaction as a "but-for" cause is not enough to prove a causal connection.[6]

The facts alleged do not suggest that the municipalities could have foreseen

---

[3] **Becerra v. Asher**, 105 F.3d 1042 (5th Cir. 1997).

[4] **Collins v. City of Harker Heights**, 503 U.S. 115 (1992).

[5] **Reimer v. Smith**, 663 F.2d 1316 (5th Cir. 1981).

[6] See **Van Ort v. Estate of Stanewich**, 92 F.3d 831 (9th Cir. 1996).

4

Tornes' action, an essential to establishing the necessary causal link between the alleged policy and injury. Although tension existed and there were threats of violence, the municipalities could not have foreseen that their anti-union policies would cause Tornes to murder three fellow firefighters. The causal connection between the alleged policies and the unfortunate deaths of the firefighters are too tenuous to impose section 1983 liability.[7] Thus we must conclude that the complaint fails to allege a claim upon which relief can be granted and the district court's dismissal was proper.

The judgment appealed is AFFIRMED.

---

[7] See **Martinez v. California**, 444 U.S. 277 (1980).