IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 97-40678
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES STEPHEN SIMMONS,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:92-CR-7-9

---

April 21, 1998

Before JONES, SMITH and STEWART, Circuit Judges:

PER CURIAM:[*]

Charles Stephen Simmons appeals the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A § 2255 motion "'may not do service for an appeal.'" United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991)(en banc) (citation omitted). A § 2255 movant cannot raise jurisdictional or constitutional issues that could have been raised on direct appeal unless he shows cause for his procedural default and actual

prejudice resulting from the error. Id. at 232. The procedural bar can be applied by this court because it was raised by the Government in the district court and on appeal. See United States v. Drobny, 955 F.2d 990, 995 (5th Cir. 1992) (Government must raise procedural bar). Simmons waived his right to appeal, a waiver recognized by this court in his attempted direct appeal. This

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal from the denial of § 2255 motion is, for all issues other than ineffective assistance of counsel, an attempt to circumvent that waiver. Were there no waiver, the following issues raised in this appeal could have been raised on direct appeal:

1) the information did not confer jurisdiction on the court;

2) Section 1956(a)(1)(B)(i) is unconstitutional under the Commerce Clause;

3) Simmons' sentence violated the Ex Post Facto Clause;

4) Simmons' plea was involuntary.

Even without the waiver, these issues are barred from § 2255 review unless Simmons shows cause and prejudice. Shaid, 937 F.2d at 232. He has not attempted to do so. The combination of the appeal waiver and the Shaid doctrine makes examination of those issues unnecessary.[2] A claim of ineffective assistance of counsel cannot ordinarily be raised on direct appeal; it is thus not barred from § 2255 review. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).

Simmons was convicted based on a guilty plea. "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991); see United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993). In general a guilty plea forecloses a collateral attack on a final judgment of conviction except upon grounds that the plea was not intelligent or voluntary. United States v. Broce, 488 U.S. 563, 569 (1989); Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991).

Simmons argues that he was denied effective assistance of counsel. This court reviews a claim of ineffective assistance of counsel de novo. Johnson v. Scott, 68 F.3d 106, 109 (5th Cir. 1995). To prevail on a claim of ineffective assistance of counsel, Simmons must show that his counsel's performance was deficient and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish prejudice, the defendant must show that but for counsel's unprofessional errors, there is a reasonable probability that the result would have been different. Id.

---

[2] This court can affirm the district court on any ground, even if the district court did not rely on it. United States v. Real Property, 123 F.3d 312, 313 (5th Cir. 1997).

at 94. In the context of a guilty plea, defendant must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. United States v. Kinsey, 917 F.2d 181, 183 (5th Cir. 1990). With respect to sentencing, the defendant must show that but for counsel's errors, his sentence would have been "significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993). A claim may be rejected because of an insufficient showing of prejudice without assessing the adequacy of counsel's performance. United States v. Fuller, 769 F.2d 1095, 1097 (5th Cir. 1985).

Simmons argues that he was denied effective assistance of counsel during the guilty plea proceeding because his attorney failed to notice that the information was duplicitous and move for its dismissal, failed to object to the lack of an adequate factual basis for his plea, failed to challenge the constitutionality of § 1956 on its face and as applied to Simmons' case, and failed to discuss with Simmons the jurisdictional defects in the indictment. The district court reached the merits of these specifications of ineffectiveness. This court can nevertheless affirm for any valid reason. Real Property, 123 F.3d at 313. A valid guilty plea waives all nonjurisdictional defects including an ineffective-assistance-of-counsel claim, unless the ineffective-assistance claim affects the voluntariness of the plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). Simmons does not contend that his attorney's performance affected his decision to plead guilty; thus, his claims are waived.

Simmons argues that he was denied effective assistance of counsel during sentencing. Simmons argues that counsel failed to object to the calculations in the PSR holding Simmons responsible for more that $350,000 in profits from the sale of MDMA. Simmons' attorney filed objections to the PSR arguing that Simmons did not launder most of the profits he derived from the sale of MDMA but instead purchased more drugs. It cannot be said that counsel's performance fell below the range of conduct acceptable under Strickland.

Simmons argues that he was denied effective assistance because his counsel failed to object to the references in the PSR to the purchase and distribution of MDMA before it became a schedule I controlled substance. This information in the PSR did not affect Simmons' sentence; thus, Simmons has not shown that he was prejudiced by counsel's failure to object.        Simmons argues that he was denied effective assistance because his counsel failed to object to his sentence enhancement

pursuant to U.S.S.G. § 3B1.1 for being an organizer or leader by pointing out that Simmons alone was criminally responsible for the money-laundering offense. The sentencing court may consider not only the elements and acts of the defendant's offense conduct cited in the count of conviction, but also the defendant's relevant conduct. See § 1B1.3. Simmons admitted at the sentencing hearing that he played a leadership role in a criminal conspiracy that involved more than five individuals. Counsel is not required to make wholly frivolous arguments.

Simmons argues that he was denied effective assistance of counsel because his attorney failed to call to the court's attention that the prosecutor broke his promises not to cross- examine Simmons at the sentencing hearing and not to argue that Simmons was not an organizer or leader. The prosecutor's statements were not made before Simmons entered his guilty plea and were not included in the plea agreement. Counsel's failure to object was not unreasonable and did not prejudice Simmons.

Simmons argues that he was denied effective assistance of counsel on direct appeal because his attorney failed to argue that although Simmons waived his right to appeal in his plea agreement, the trial judge issued a "ruling and order" after sentencing Simmons allowing him to appeal his sentence. The judge's statement did not influence Simmons' decision to plead guilty; thus, it had no effect on the validity of Simmons' waiver of his right to appeal. See United States v. Melancon, 972 F.2d 566 (5th Cir. 1992). Counsel is not required to raise frivolous issues on appeal. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Simmons also argues that his appellate counsel was deficient for failing to raise the claims contained this § 2255 motion on direct appeal. Simmons waived his right to appeal in his plea agreement. Simmons argument is frivolous.

Simmons' arguments that trial counsel was deficient for failing to object to the court's failure to comply with Rules 11(c) and 11(f) and for failing to seek dismissal based on the statute of limitations are waived because the claims are not adequately argued in the body of Simmons' appellate brief. Yohey v. Collins, 985 F.2d 222, 224-25 (1993).

AFFIRMED.