IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31282
Summary Calendar

_____

EUGENE MCKNIGHT,

Plaintiff-Appellant,

versus

PATRICK J. CANULETTE; GREG LONGINO; JAMIE MULKEY;
STEVEN CHAISSON; ST. TAMMANY PARISH,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2498-S
- - - - - - - - - -

July 22, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Eugene McKnight, Louisiana prisoner # 183825, appeals the district court's dismissal of his civil rights action under 42 U.S.C. § 1983 as barred by Louisiana's one-year limitations period. He contends that because he filed a timely § 1983 action that was dismissed without prejudice, prescription ran anew from the dismissal of that action and his complaint was therefore timely filed.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal-injury limitations period, which is one year in Louisiana. <u>Ali v. Higgs</u>, 892 F.2d 438, 439 (5th Cir. 1990); <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989); LA. CIV. CODE ANN. art. 3492 (West 1998). State law also controls the applicable tolling provisions for a § 1983 cause of action. <u>Burge v. Parish of St. Tammany</u>, 996 F.2d 786, 787 (5th Cir. 1993). Louisiana law provides that if a properly filed lawsuit is dismissed without prejudice, prescription commences anew from that time. LA. CIV. CODE ANN. arts. 3463, 3466 (West 1998); <u>Hebert v. Cournoyer Oldsmobile-Cadillac-G.M.C., Inc.</u>, 405 So. 2d 359, 360 (La. App. 1981), <u>aff'd</u>, 419 So. 2d 878 (La. 1982).

McKnight filed his original § 1983 complaint in a court of competent jurisdiction and venue. <u>See</u> 28 U.S.C. §§ 1391, 98. The docket of the original lawsuit does not show that McKnight abandoned or voluntarily dismissed the cause of action or failed to prosecute at a trial or hearing. Therefore, under Louisiana tolling provisions, McKnight's second § 1983 complaint, although filed more than one year after the events giving rise to the cause of action, was timely filed because of interruption.

The existence and legal effect of the prior suit were apparently overlooked by the Magistrate Judge because they were not mentioned in his Report and Recommendation.

This court could uphold the decision of the district court's ruling if another ground would result in the dismissal of McKnight's complaint. <u>See</u> <u>United States v. Real Property</u>, 123 F.3d

312, 313 (5th Cir. 1997). In adopting the magistrate judge's report and recommendation, the district court also held that McKnight's *in forma pauperis* complaint could be dismissed as frivolous or for failure to state a claim. This court reviews a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)(failure to state a claim) *de novo*, applying the same standard used to review a dismissal pursuant to FED. R. CIV. P. 12(b)(6). This court accepts as true all the allegations of the complaint, considering them in the light most favorable to the plaintiff. Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993).

Read thus, McKnight's complaint alleges that prison personnel refused him medical treatment and forced him to walk for three weeks, despite broken and chipped bones in his leg and arm. This could be sufficient to show that medical care was denied or delayed and that this delay constituted deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Therefore, the dismissal of McKnight's § 1983 complaint is VACATED and the case REMANDED for further proceedings.