# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2010

No. 09-60399

Lyle W. Cayce
Clerk

OSINACHI OGEMDI EZIKE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A088 936 394

Before JOLLY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

I

Petitioner Osinachi Ogemdi Ezike petitions for review of two final orders of the Board of Immigration Appeals (BIA).  Ezike, a citizen of Nigeria, entered the United States in 2001 on a student visa to study at a university in Arkansas. In June 2008 a notice to appear charged that Ezike was removable because he (1) had failed to attend the university from June 2006 to June 2008 in violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his conditions of admission to the United States and (2) had been convicted by an Arkansas state court of the offense of Internet stalking of a child.

At a merits hearing held in August 2008, Ezike conceded that he last attended his Arkansas university in June 2006 and acknowledged his Arkansas plea of nolo contendere. The immigration judge (IJ) determined that the charges against Ezike were correct and that he was subject to removal, and designated Nigeria as the country of removal. The hearing was adjourned so that Ezike might file for relief.

In September 2008, Ezike filed an application for asylum, for withholding of removal, and for relief under the Convention Against Torture (CAT). At the merits hearing in February 2009, Ezike presented evidence concerning his fear of the Movement for the Actualization of the Sovereign State of Biafra (MASSOB), a political group that he accused of having threatened him before he left Nigeria. The IJ found that Ezike had not presented the proof of torture needed to qualify for deferral of removal under CAT. The IJ also concluded that Ezike was not eligible for asylum because his asylum application was untimely, having been filed more than a year after Ezike's arrival in the United States. The IJ granted the Government's motion to pretermit Ezike's application for withholding of removal under §241(b)(3) of the Immigration and Naturalization Act (INA) and under CAT because Ezike's conviction of Internet stalking was a particularly serious crime that rendered Ezike ineligible for either type of relief.

Ezike timely appealed to the BIA. The BIA concurred with the IJ's determination that Ezike's asylum application had been untimely and that Ezike had not demonstrated that extraordinary circumstances or other factors excused his delay; that Ezike's Internet stalking conviction was for a particularly serious crime and that he was consequently not entitled to withholding of removal; and that Ezike had not shown "that he more likely than not would be tortured by, or

No. 09-60399

with the acquiescence of, an official of the Government of Nigeria." The BIA therefore dismissed the appeal on April 20, 2009.

On May 18, 2009, Ezike moved this court for a stay of removal pending a ruling on the motion to reconsider or to reopen that he was filing with the BIA that same day. The clerk of this court filed Ezike's motion on May, 22, 2009, and treated it as a petition for review. The Government, too, treated the petition as one for review of the April order of dismissal, but contended that the petition was not timely filed according to the "prison mailbox rule." A panel of this court concluded that the motion had been properly filed on May 18. *Ezike v. Holder*, No. 09-60399 (5th Cir. July 13, 2009). Deeming Ezike's motion as one "for a stay of deportation following the entry of a final order" of the BIA, the panel granted "a temporary stay of deportation pending the filing of the administrative record and our review thereof." *Id.*

On the same day that he moved this court for a stay, Ezike moved the BIA to reconsider its ruling or to reopen his proceeding and to stay his removal.

On June 2, 2009, Ezike filed a petition with this court, seeking review of the April 20, 2009, dismissal of his appeal by the BIA. That filing is variously referred to on the docket sheet as an "[a]dditional appeal" and a "[p]etition for review," and an "additional petition for review."

On July 27, 2009, the BIA ruled on Ezike's motions to reconsider and to reopen. The BIA concluded that it had made "no material errors of fact or law" in dismissing Ezike's appeal, but it nevertheless *sua sponte* reconsidered the claim for deferral of removal under CAT. The BIA reiterated that Ezike had not demonstrated that the Government of Nigeria had been "willfully blind" to MASSOB's actions. Consequently, the BIA denied the motion to reconsider. Additionally, it denied the motion to reopen because Ezike's new evidence related to postconviction proceedings, which do not affect a conviction's finality "unless and until" the conviction has been overturned.

No. 09-60399

Ezike then timely sought this court's review of the BIA's denial of his motions to reconsider and to reopen.

## II

## A

Although the issue was not raised by the parties, we must first address whether we have jurisdiction to hear Ezike's petition for review of the BIA's April 20 removal order. We review questions of subject matter jurisdiction *de novo*, and may consider such questions *sua sponte* because "subject matter delineations must be policed by the courts on their own initiative." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

A petition for review must be filed not later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). This requirement is jurisdictional and mandatory. *Stone v. INS*, 514 U.S. 386, 405 (1995); *Navarro-Miranda v. Ashcroft,* 330 F.3d 672, 676 (5th Cir. 2003); *see also Bowles v. Russell*, 551 U.S. 205, 213 (2007). A motion before the BIA to reconsider does not toll the period for filing a petition for review of the order. *Stone*, 514 U.S. at 405.

Ezike's June 20, 2009, petition for review was not filed within 30 days of the April 20 removal order. Therefore, we have jurisdiction to review the BIA's original order of removal only if Ezike's May 18, 2009, motion can be considered a petition for review.

This court liberally construes filings by *pro se* litigants. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 322 n.3 (5th Cir. 2009). Further, notices of appeal are construed liberally to avoid technical barriers to review. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 884 (5th Cir. 1998). On the other hand, a notice of appeal must evince an intent to appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) ("Because the primary relief sought in Mosley's . . .

pleading is reconsideration, and leave to appeal is sought only if reconsideration is denied, we conclude that the document does not 'clearly evince his intent to appeal.'" (internal bracketing omitted)).

Ezike's May 18 motion requested "that this court issue a stay of deportation pending judicial review of motion to reopen/reconsider final order of deportation." The motion clearly stated that he might file a petition for review in this court *in the future*, if his motion for reconsideration before the BIA was unsuccessful. This statement, and the motion's multiple references to a possible future petition for review, clearly evince Ezike's intent not to petition for review at that time. We cannot construe his May 18 motion as a timely petition for review, and consequently we lack jurisdiction to review the BIA's April 20 order.

B

Next, we turn to Ezike's petition for review of the BIA's order denying his motions to reconsider and to reopen. A denial of a motion to reconsider or to reopen is reviewed under a "highly deferential abuse of discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). A motion for reconsideration fails if the alien does not "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Id.* at 301. Ezike did not identify any of those things, and instead merely repeated the same arguments that he had made in his appeal to the BIA.

Ezike's motion to reopen was based on his contention that there existed new evidence of the non-finality of his Arkansas conviction for Internet stalking. This argument has been rendered moot by the decision in *Ezike v. State*, No. CR 09-302, 2009 WL 1819514 (Ark. S. Ct. June 25, 2009) (dismissing Ezike's appeal of the dismissal of his petition to vacate his guilty plea). Ezike's petition for review of the BIA's July 27 order therefore fails.

5

No. 09-60399

III

For the reasons stated above, the petition for review of the original removal order is DISMISSED as untimely, and the petition for review of the denial of the motions to reconsider and to reopen is DENIED.