# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40225

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

3330 N. BORDER AVENUE, WESLACO, TEXAS,

Defendant,

OMAR FIDENCIO ROJAS,

Claimant-Appellant,

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CV-163

Before ELROD, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Omar Fidencio Rojas seeks authorization to proceed in forma pauperis (IFP) on appeal from the district court's striking of his filings and grant of summary judgment as to his claim to the property located at 3330 N. Border Avenue, Weslaco, Texas. The district court denied Rojas authorization to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40225

proceed IFP, concluding that he presented no non-frivolous issues for appeal. *See* FED. R. APP. P. 24(a)(3); 28 U.S.C. § 1915(a)(3). By moving to proceed IFP in this court, Rojas challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Although Rojas has demonstrated that he is financially eligible to proceed IFP on appeal, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he has not raised a legal issue arguable on the merits and thus nonfrivolous, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rojas challenges the district court's striking of three different pleadings he filed. First, he argues that his unverified July 2015 objection and motion to stay forfeiture constituted a claim to the property because Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions does not require technical compliance and the pleading sufficiently identified his interest in the property. We have required that claimants strictly comply with the rules governing forfeiture claims to minimize the filing of false claims. *United States v. Real Prop. Located at 14301 Gateway Blvd. W., El Paso Cty. Tex.,* 123 F.3d 312, 313 (5th Cir. 1997). Moreover, the district court exercises discretion in considering motions to strike. *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1113 (5th Cir. 1992).

The district court in this matter considered the repeated notice that both the district court and the Government provided to Rojas regarding the requirement that his claim be verified, as well as the policy underlying Rule G. Rojas's citation of an unpublished out-of-circuit case as an argument that technical compliance with the rule is not required fails to present a point arguable on its merits in light of the district court's analysis of the facts and this court's precedent. *See Howard*, 707 F.2d at 220.

No. 17-40225

Similarly, Rojas presents no nonfrivolous issue for appeal with regard to his March 2016 response in opposition to the Government's motion to strike and his June 2016 objection to the Government's amended complaint. *See Howard*, 707 F.2d at 220. Both pleadings are untimely as claims and, therefore, subject to being struck as such. *See Real Prop. Located at 14301 Gateway Blvd. W., El Paso Cty. Tex.*, 123 F.3d at 314; *$38,570 U.S. Currency*, 950 F.2d at 1113-15. Further, because "[t]he filing of a claim is a prerequisite to the right to file an answer and defending on the merits," the district court's exercise of discretion in striking these pleadings likewise presents no nonfrivolous issue for appeal. *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1114 (5th Cir. 1985) (internal quotation marks and citation omitted); *see Howard*, 707 F.2d at 220.

The absence of a verified claim defeats Rojas's challenge to the striking of his pleadings addressing the merits of the forfeiture case. *See Cactus Pipe & Supply Co.*, 756 F.2d at 1114. Because Rojas failed to timely file a verified claim, the district court acted within its discretion in striking his pleadings on the merits and in not addressing the arguments raised in those pleadings. *See id.*; *Howard*, 707 F.2d at 220.

Rojas has raised no nonfrivolous issues for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.

3